T.C. Memo. 1999-337


UNITED STATES TAX COURT


MILTON R. BEALL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14733-97.                    Filed October 8, 1999.


Milton R. Beall, pro se.

Ann M. Murphy, for respondent.


MEMORANDUM OPINION


COHEN, Chief Judge:  In a statutory notice sent April 7,
1997, respondent determined a deficiency of $11,329 in
petitioner's Federal income taxes for 1993.  Respondent also
determined additions to tax under sections 6651(a) and 6654(a),
but those additions to tax have now been conceded by respondent.
All section references are to the Internal Revenue Code in effect

for the year in issue. All of the facts have been stipulated, and the case has been submitted pursuant to Rule 122, Tax Court Rules of Practice and Procedure.

Petitioner resided in Oregon at the time the petition was filed.

Petitioner did not file a timely Federal income tax return for 1993. On or about April 15, 1994, he made a payment of $1,300 with a timely request for an extension of time, from April 15, 1994, until August 15, 1994, to file his return for 1993.

On or about October 4, 1995, petitioner and his wife filed a Form 1040, joint Federal income tax return, for 1992. On that return for 1992, they reported an overpayment of $4,969. The overpayment included Federal income tax withheld during 1992 and 1992 estimated tax payments. Petitioner and his wife requested that the overpayment be applied to their 1993 estimated tax.

On August 13, 1997, petitioner and his wife submitted a joint return for 1993 showing a total tax liability of $4,345. After the return was examined, petitioner and respondent agreed that the total joint tax liability of petitioner and his wife for 1993 is $4,172. After applying the payment of $1,300 that was made on April 15, 1994, and the overpayment of $4,969 from petitioner's 1992 return, the parties agreed that petitioner's 1993 tax liability was overpaid by $2,097.

Respondent contends that refund of the sum of $2,097 is barred by the statute of limitations effect of section 6512(b). Petitioner argues that he is not seeking a refund but only credit against his tax liability for 1994 and 1995. The Court does not have jurisdiction over either 1994 or 1995. In any event, the applicable authorities equate refund and credit and indicate that either is barred in these circumstances.

Petitioner's overpayment resulted from a combination of income taxes withheld during 1992 and estimated tax payments made for 1992 and 1993. Section 6513(b)(1) provides that tax deducted and withheld is deemed paid on the 15th day of the fourth month following the close of the taxable year for which the tax is allowable as a credit. Section 6513(b)(2) provides that any amounts paid as estimated tax are deemed paid on the last day prescribed for filing the return for the year for which the estimate is paid. Thus, petitioner's entire overpayment carried forward from 1992 to 1993 is deemed paid no later than April 15, 1994.

Petitioner did not file his 1993 return, or any claim for refund, until August 1997, 4 months after the notice of deficiency was sent. If a petition is filed in the Tax Court and an overpayment is determined, no credit or refund may be allowed unless the Court determines that the portion constituting the overpayment was paid after the mailing of the notice of

deficiency, or, if no claim was previously made, within 2 years prior to the notice of deficiency. See secs. 6511(a) and (b)(2)(B), 6512(b)(3); Commissioner v. Lundy, 516 U.S. 235 (1996). (Section 6513(b)(3) was amended for years ending after August 5, 1997, by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1282(a), 111 Stat. 788, 1037-1038.) Simply stated, because petitioner's payments of his 1993 taxes are all deemed to have been made no later than April 15, 1994, more than 2 years prior to the issuance of the statutory notice on April 7, 1997, refund or credit of the overpayment is barred.

Decision will be entered in accordance with the stipulation of the parties.